BEFORE THE THIRD DIVISION, APRIL 7, 1952

No. 56540.—William J. Oberle, Inc. v. United States, petition 6799–R (New Orleans).

EKWALL, Judge: This is a petition for remission of additional duties filed under authority of section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489). The merchandise consisted of certain Mexican plywood imported at the port of New Orleans. Entry was made by the customs brokerage firm of William J. Oberle, Inc., at the invoice prices. On appraisement, the appraiser advanced the values. Appeals to reappraisement were filed which were submitted on stipulation after further investigation as to the proper dutiable value. It is disclosed by the record that the merchandise was invoiced and entered at the wholesale prices in carload lots at the factory. Appraisement was made at the distributors' prices in less than carload lots at Mexico City.

In support of its position, petitioner produced the testimony of three witnesses. The first of these was the secretary of the Richmond Corp., the ultimate consignee of the involved merchandise. He testified that he purchased the plywood when he was in Mexico in June 1946. At that time, he made inquiries from two persons, who were officers of the exporting company, as to the market value of plywood and, as a result, arrived at the conclusion that the proper values were the wholesale prices in carload lots at the factory, which is a considerable distance from Mexico City. It was his belief that the invoice prices represented the correct dutiable value. The witness further testified that after the appraiser advanced the value, he was advised by counsel that the proper dutiable value was the distributors' price in Mexico City in carload lots, and he thereupon authorized counsel to enter into a stipulation to that effect. He stated that the exporter in Mexico did not give him any price advantage over the Mexican price, and he discussed the values mainly because, as he put it, "when we made the entry we would have the proper value."

The president of the customs brokerage firm testified that he was in charge of the entries here involved and that he determined the values; that the invoices were submitted to him by an agent of the importer, and entry was prepared on the basis of the invoice prices; that he unofficially asked the examiner if he had any information as to the value, but evidently the examiner said he had none. He stated as his reason for entering at the invoice prices the fact that the goods had already arrived at the port of New Orleans, and unless entry was made within 48 hours, or an extension thereof to 96 hours, an additional expense of $350 per shipment would have been incurred and, moreover, he had no reason to believe that the entered values were not correct. He did not realize that the appraiser was questioning the entered value until he received the notice of advance. If he had had information as to the proper value, he could have amended the entries.

The third witness, who was connected with A. E. Hegewisch, Inc., the firm acting as agent for the importer, testified that his firm received the documents from

the exporter in Mexico, with instructions to clear the merchandise through the customs. To that end, it employed the customs brokerage firm of William J. Oberle, Inc., the petitioner herein. The witness stated that to the best of his knowledge the invoice values represented the correct dutiable values.

Counsel for the Government claims that on this record petitioner has failed to bring itself within the statute in that it has not shown that in undervaluing the merchandise it was acting in good faith. The court is satisfied from the evidence produced that the importer acted in good faith and that it had no intention to defraud the Government or deceive its officials. The petition is therefore granted.